**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRIAN D. KELLY,** : | |
| Plaintiff : | NO.: |
| : | |
| v. : | JUDGE: |
| : | |
| **THE BOROUGH OF CARLISLE, and,** : | CIVIL ACTION - LAW |
| **DAVID J. ROGERS, individually and** : | |
| as a police officer for the Carlisle : | JURY TRIAL DEMANDED |
| Borough Police Department, : | |
| Defendants : | (Electronically Filed) |

## COMPLAINT

**AND NOW** comes the Plaintiff, Brian D. Kelly, by and through his attorney, Dennis E. Boyle, Esquire, and Boyle & Wenger, and submits the following Complaint, and in support thereof avers as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3) and (4). Supplemental jurisdiction under 28 U.S.C. §1367(a) exists over prudent state law claims.

2. Venue is proper in this Court, as all parties are located within the Middle District of Pennsylvania, and the cause of action arose in the Middle District of Pennsylvania.

## PARTIES

3. The Plaintiff, Brian D. Kelly, is an adult individual who currently resides at 546 W. Penn Street, Carlisle, Cumberland County, Pennsylvania 17013.

4. The Defendant, the Borough of Carlisle, is a municipality of the Commonwealth of Pennsylvania, with offices located at 53 W. South Street, Carlisle, Cumberland County, Pennsylvania 17013. The Borough of Carlisle owns, operates, directs and controls the Carlisle Borough Police Department, which employs the Defendant, David J. Rogers.

5. The Defendant, David J. Rogers, is an adult individual, with a business address of 240 Lincoln Street, Carlisle, Cumberland County, Pennsylvania 17013.

Defendant Rogers is a police officer for the Carlisle Borough Police Department who, at all times relevant hereto, was operating under color of state law. He is being sued in his official and individual capacities.

## FACTUAL ALLEGATIONS

6. On or about May 24, 2007, the Plaintiff, Brian Kelly was a passenger in a vehicle driven by another individual within the Borough of Carlisle, Cumberland County, Pennsylvania.

7. As the vehicle proceeded down High Street in the Borough of Carlisle, Defendant Rogers activated his emergency lights and effectuated a traffic stop.

8. Defendant Rogers approached the drivers side window of the vehicle in which Mr. Kelly was a passenger, and began to yell and scream at the occupants of the vehicle.

9. Mr. Kelly, who routinely carries a small, hand-held video recording camera, turned the camera on to record Defendant Rogers' demeanor and behavior during the stop.

10. Mr. Kelly recorded the traffic stop, both audio and video, until such time as he was ordered to stop recording by Defendant Rogers.

11. At the time of the stop, Defendant Rogers did not possess an expectation of privacy in that:

    a. the stop took place on a public highway of the Borough of Carlisle in full view of members of the public; and,

    b. Defendant Rogers was himself videotaping, video and audio, the traffic stop.

12. After Mr. Kelly turned on his video camera, Defendant Rogers' demeanor changed and the remainder of the traffic stop proceeded in a professional manner.

13. After securing the driver's license and registration card from the driver of the stopped vehicle, Defendant Rogers walked back to his patrol car and stayed there for an extended period of time.

14. When Defendant Rogers returned to the drivers side of the stopped vehicle, he ordered Mr. Kelly to stop recording the traffic stop. Mr. Kelly complied with the instructions of Defendant Rogers and turned off the video camera.

15. Other officers from the Borough of Carlisle arrived on the scene, and Mr. Kelly was ordered out of the vehicle, placed in handcuffs, and pushed up against a

car. He was thereafter subjected to the indignity of a search and his personal property was confiscated.

16.    Mr. Kelly suffered severe pain when a sports injury that had not completely healed was re-injured and began to bleed.

17.    Mr. Kelly was then taken to the Carlisle Police Department headquarters, where he was kept in handcuffs while Defendant Rogers prepared a Criminal Complaint charging him with a violation of 18 Pa.C.S. §5703(1), felonious wiretapping, a felony of the third degree. A copy of said Criminal Complaint is attached hereto as Exhibit "A".

18.    The charge against Mr. Kelly arose solely from his recording of Defendant Rogers during the traffic stop.

19.    At an initial Arraignment before a District Justice, bail on the charge was set at $2,500.00; however, because Mr. Kelly was unable to post bail at that time, he was placed in the Cumberland County Prison.

20.    Mr. Kelly spent 27 hours in the Cumberland County Prison before he was released from custody.

21.   Following Mr. Kelly's arrest and detention, Chief Stephen Margeson, in multiple interviews with the media, stated that the arrest of Brian Kelly complied with Carlisle Police Department policy.

22.   After reviewing the charge, but prior to any preliminary hearing or other court action, David Freed, Esquire, the District Attorney of Cumberland County, directed that the criminal charge against Mr. Kelly be dismissed. The criminal charge has been dismissed.

23.   Mr. Kelly did not commit any offense against the laws of the Commonwealth of Pennsylvania, the United States, or the Borough of Carlisle, or engaged in any conduct which justified the actions of the Defendants.

24.   The unlawful arrest, search and use of force in this case where the direct result of Defendants' pattern, practice and custom of subjecting citizens such as Mr. Kelly to unreasonable force, arrest and prosecution in the absence of probable cause.

25.   The Defendant officer acted willfully, deliberately, maliciously and with reckless disregard to Mr. Kelly's constitutional and statutory rights, as set forth in greater detail below.

26.    As a direct and proximate result of the actions of all Defendants, Mr. Kelly suffered and continues to suffer physical and psychological harm, pain and suffering, as well as financial losses.

27.    Defendants engaged in the aforesaid conduct for the purpose of violating Brian Kelly's constitutional rights.

## COUNT I
## VIOLATION OF FEDERAL CIVIL RIGHTS

28.    Plaintiff incorporates the paragraphs above as if fully restated herein.

29.    As a direct and proximate result of the Defendants' conduct, committed under color of the laws of the Commonwealth, Mr. Kelly was deprived of his right to be free from unreasonable and excessive force, an unlawful search and seizure, unlawful arrest, malicious prosecution, to be secure in his person and property and to due process of law.  As a result, Mr. Kelly suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

30. As a direct and proximate result of the acts of the Defendants, Mr. Kelly sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

31. The Defendant, the Borough of Carlisle, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs, and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. The use of unreasonable force, excessive force and unlawful arrest by police officers;

   b. The proper exercise of police powers, including but not limited to, the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecutions, and violations of citizens' free speech rights, particularly in connection with perceived challenged to police authority;

   c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

       d.       The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

       e.       Police Officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties; and,

       f.       The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

32.    The Borough of Carlisle failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Carlisle Borough Officers, thereby causing and encouraging Carlisle police, including the Defendant, to violate the rights of citizens such as Mr. Kelly.

33.    Defendants have by the above-described actions deprived Mr. Kelly of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## COUNT II
## SUPPLEMENTAL STATE CLAIMS

34.   Plaintiff incorporates the paragraphs above as if fully restated herein.

35.   The acts and conduct of the individual Defendants in this cause of action constitute assault, battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotion distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiff, Brian D. Kelly, respectfully requests this Court:

A.   Declare the policy of the Borough of Carlisle of arresting individuals who video and audio tape police officers performing their official duties in public areas where there is no expectation of privacy to be in violation of the United States Constitution;

B.   Enjoin the Defendant, the Borough of Carlisle, from arresting individuals who videotape and audiotape police officers performing their official duties in public areas where there is no expectation of privacy;

C. Award nominal and compensatory damages against the Borough of Carlisle and Officer Rogers;

D. Award punitive damages against Officer Rogers;

E. Award reasonable attorney fees and costs pursuant to 42 U.S.C. §1988; and,

F. Grant such other and further relief as is reasonable and just.

A jury trial is demanded as to each Defendant and to each Count.

                    **BOYLE & WENGER**

                    /s/ *Dennis E. Boyle*
                    **Dennis E. Boyle, Esquire**
                    Supreme Court I.D. No. 49618

                    **Randall L. Wenger, Esquire**
                    Supreme Court I.D. No. 86537
                    1525 Cedar Cliff Drive
                    Camp Hill, PA  17011-7707
                    Phone:  (717) 737-2430
                    Facsimile:  (717) 737-2452
                    deboyle@dennisboylelaw.com
                    rlwenger@dennisboylelaw.com

                    Counsel For:  Plaintiffs

Dated:  August 27, 2007